IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JASON K. GUTIERREZ-PERALTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPERINTENDENT, CAROLINE ) <br> DETENTION FACILITY, *et al.*, ) <br> ) <br> Respondent. ) | Civil Action No. 3:21CV36–HEH |

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Plaintiff, a federal detainee, submitted this federal civil action. Courts must liberally construe *pro se* civil rights complaints to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In this case, it is not entirely clear what type of claim Plaintiff wishes to assert. Accordingly, by Memorandum Order entered on July 9, 2021, the Court explained as follows:

> Plaintiff's Complaint references 42 U.S.C. § 1983.[1] In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under *color of state law* deprived him or her of a constitutional right

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Because Plaintiff is a federal detainee, the Court construes this action as one brought pursuant to *Bivens*.[2] In order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)).

Plaintiff's Complaint also references 28 U.S.C. § 1651.[3] "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Corr. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). Here, the portion of Plaintiff's claims that challenge his ongoing detention would be appropriately raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and § 2241 is an adequate remedy. Therefore, any writ must be filed under § 2241.

Plaintiff appears to seek both his immediate release from detention and monetary damages. (ECF No. 1, at 2.) "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, if Plaintiff wishes to attack his ongoing detention and seeks his immediate release, he must pursue a petition for writ of habeas corpus under § 2241. Alternatively, if Plaintiff wishes to challenge the conditions of his confinement and seek monetary damages, then Plaintiff must pursue a *Bivens* action.

(ECF No. 5 at 1–3.) The Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to complete and return a standardized form for filing a petition for writ of

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] This statute is referred to as the All Writs Act and provides: "The Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

2

habeas corpus pursuant to 28 U.S.C. § 2241, or to notify the Court if would prefer to pursue a *Bivens* action. The Court warned that if Plaintiff failed to take any action within the above time limit, the Court would dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(b).

More than fourteen (14) have elapsed and Plaintiff has not completed and returned the standardized form or otherwise responded to the Court's Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: August 6, 2021
Richmond, Virginia

3